## Matter of Boutinger (Brook School Road).

(Supreme Court, Kings Special Term, February, 1920.)

Mandamus — when application for a writ of peremptory, granted — condemnation proceedings — damages — Laws of 1895, chap. 1006, § 2.

> On a map filed by city authorities, showing a plan of permanent streets for a certain section of Queens county, a particular road, covering practically the same ground as a certain permanent street, was shown by lines of dashes instead of a straight line as other streets, with a note reading: " Portions of existing street shown thus ﹦﹦﹦﹦﹦﹦﹦ included within the blocks hereby established are ultimately to be discontinued." *Held,* that as the road had not been designated as a permanent street it had been discontinued and that an application for a peremptory writ of mandamus to compel the institution of proceedings to ascertain relator's damages caused by the closing of the road by virtue of the map, will be granted, the purpose in attempting to reserve the street from being closed by means not authorized by the statute (Laws of 1895, chap. 1006, § 2) having failed.

Application for a peremptory writ of mandamus.

Egan & O'Reilly (James Regan Fitz Gerald, of counsel), for plaintiff.

William P. Burr, corporation counsel (Joseph Matthews and Nathaniel L. Goldstein, of counsel), for City of New York.

Lazansky, J. Application for a peremptory writ of mandamus to compel the law officer of the city to institute proceedings to ascertain relator's damages by reason of the alleged closing of Brook School-Astoria road by virtue of the filing of a map by the city authorities pursuant to law. The map shows a plan

of permanent streets for a certain section of Queens county. The road in question is shown by lines of dashes instead of a straight line as the other streets are shown and the map contains a note as follows: "Portions of existing street shown thus = : = = = = = = included within the blocks hereby established are ultimately to be discontinued." The road begins at Newtown avenue almost at the intersection of Newtown avenue with Broad street, the latter being one of the permanent streets shown on the map, and then proceeds irregularly but in a general direction almost parallel to Broad street up to Maspeth avenue which it intersects at a distance of a little more than 300 feet from the said Broad street. It thus appears that the road in question covers practically the same ground as Broad street, a permanent street on the map. Section 2, chapter 1006, Laws of 1895, in so far as applicable on the question raised here, provides that there shall be designated on the map the streets, avenues and roads which the authorities may *determine* to lay out, omitting therefrom all such former streets, avenues and roads they may *determine* to discontinue or close. Upon and after the filing of the map, the streets, avenues and roads shown shall be the only lawful streets and all other former streets, avenues and roads not shown thereon shall cease to be streets, avenues or roads. Is Brook School-Astoria road closed by virtue of this map? The map and the statute must determine this. From the physical facts shown, the inconsistency of the continuance of the road with the maintenance of Broad street and from the language in the note, it clearly appears that the authorities determined not to continue the road as a permanent road. It appears on the map not as a part of a permanent plan, but as a road to be continued until some future day. So there is a determination

not to make the road permanent and at the same time a determination not to close it, although the law provides for a determination to designate permanent streets and to omit those determined to be discontinued. Merely because the road is shown on the map does not make it a permanent road, for the conditions and the note show otherwise. In *Matter of Morris Ave.,* 56 App. Div. 122, in construing this act, the court, at page 125, say: " It would seem to have been the clear intention of the Legislature to provide that when the permanent plan of a city is finally adopted by the municipal authorities, all streets or roads not shown upon the plan as permanent streets or avenues should be discontinued as public streets.  *  *  *  The plain intention of the Legislature by this enactment was, we think, to allow a permanent plan to be made upon which should be indicated the permanent streets or avenues of the city. This the plan did, and it was those streets not thus designated on the map as the permanent city avenues and streets that were to be discontinued as such streets." Throwing the light of this construction on the confusion created by the filed map, it at once appears that since this road is not designated as a permanent street, it has been discontinued. Whatever may have been the purpose of the city authorities in attempting to reserve this street from being closed by means not authorized by statute, it has failed.

Motion granted, no costs.